IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD J. MENDEZ,

    Plaintiff,     No. 2:10-cv-3322 JAM JFM (PC)

  vs.

DANIEL P. JOHNSON,

    Defendant.     FINDINGS & RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Daniel Johnson, the litigation coordinator at Folsom State Prison, violated plaintiff's constitutional right of access to the courts by failing to make plaintiff available for a telephonic hearing as ordered by the Sacramento County Superior Court. This matter is before the court on defendant Johnson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARDS FOR A MOTION TO DISMISS

    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

1

1  (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,
2  416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint
3  must contain more than "a formulaic recitation of the elements of a cause of action;" it must
4  contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell
5  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not
6  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .
7  claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200
8  (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9                          ALLEGATIONS OF THE COMPLAINT

10             Plaintiff's complaint, filed December 13, 2010, contains the following
11  allegations.[1]

12             On November 5, 2009, the Sacramento Superior Court (Superior Court) granted
13  plaintiff's request to appear by telephone at a hearing set for December 17, 2009 in a case filed
14  by plaintiff against a correctional sergeant with the California Department of Corrections and
15  Rehabilitation (CDCR).  Ex. B to Complaint.  A copy of that order was served on the litigation
16  coordinator at Folsom State Prison.  Id.  The litigation coordinator gave plaintiff written
17  instructions of what was necessary to participate in the telephonic hearing and plaintiff "made
18  every attempt to adhere" to those instructions.  Ex. C to Complaint; Declaration of Ronald
19  Mendez, appended to Complaint, at 1.

20             On December 18, 2009, plaintiff wrote a letter to the Sacramento County Superior
21  Court judge stating that he had not appeared at the telephonic hearing because the Folsom State
22  Prison litigation coordinator had instructed plaintiff's correctional counselor not to allow plaintiff
23  to use the telephone.  Ex. D to Complaint.
24  /////

25
26   [1] Several of the allegations set forth herein are drawn from exhibits appended to plaintiff's complaint, which are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).

On January 6, 2010, the Superior Court issued a tentative ruling continuing the matter to February 18, 2010 and requesting "further briefing on the issue of whether the Victim Compensation and Government Claims Board (VCGCB) requires state prisoners to exhaust the CDC-602 administrative appeal process before state prisoners may file a VCGCB claim." Ex. E to Complaint. A copy of that order was served on plaintiff. Id.

On February 9, 2010, the Superior Court issued a minute order granting plaintiff's request to appear by telephone at the February 18, 2010 hearing. Ex. F to Complaint. A copy of that order was served on the litigation coordinator at Folsom State Prison. Id. Plaintiff did not appear at the hearing. Ex. G to Complaint at 3. On February 18, 2010, the Superior Court issued a tentative ruling denying the state court petition filed by plaintiff. Id. The court denied the petition due to the fact that plaintiff had presented his claim to the VCGCB late and that the failure to timely present the claim was not excusable. Id. The court also rejected plaintiff's arguments that the CDCR "should be estopped from raising the claims-presentation requirements as a defense" and found that "equitable tolling is not available in these circumstances" and that "the doctrine of substantial compliance" was inapplicable. Id. at 2-3. Petitioner appealed the ruling to the California Court of Appeal for the Third Appellate District, which dismissed the appeal on April 26, 2010. Ex. O to Complaint.

On or about February 21, 2010, plaintiff filed a notice with the Superior Court requesting an order of contempt due to defendant Johnson's alleged refusal to allow plaintiff to appear at the hearing telephonically. Ex. H to Complaint. On March 12, 2010, the Superior Court issued a minute order construing plaintiff's request as a petition for writ of habeas corpus. Ex. I to Complaint. On August 9, 2010, the Superior Court issued an order denying the petition as moot. Superior Court Order Exhibit to Complaint. Petitioner subsequently filed a petition for writ of mandate in the California Court of Appeal for the Third Appellate District, which was denied on August 26, 2010. Petition for Writ of Mandate Exhibit and Appellate Court Denial
/////

1  Exhibit to Complaint.  The California Supreme Court denied review.  Petition for Review
2  Exhibit and State Supreme Court Denial Exhibit to Complaint.

## ANALYSIS

Defendant seeks dismissal on two grounds.  First, he contends that plaintiff has failed to state a claim upon which relief may be granted in this § 1983 action because he has not alleged any facts showing that the events complained of caused him cognizable injury.  Second, he contends that he is entitled to qualified immunity.

In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  <u>Lewis v. Casey</u>, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  <u>Id.</u> at 356. To state a cognizable claim for interference with his right to access the courts, plaintiff must allege facts which, if proved, would show that defendant by his acts or omissions prevented plaintiff from bringing, or caused him to lose, an actionable claim of this type.  <u>Id.</u>

The exhibits appended to plaintiff's complaint show that plaintiff's failure to participate at the hearings on his state court petition in no way contributed to the dismissal of that action.  The exhibits also show that plaintiff was afforded a full opportunity to brief the relevant issues in that proceeding and to present evidence in support of his position, and that plaintiff in fact did so.  For these reasons, this court finds that plaintiff cannot show that defendant Johnson's alleged refusal to allow plaintiff to appear at the state court hearings cause plaintiff to lose his state court petition.  Plaintiff cannot, therefore establish that defendant Johnson caused plaintiff any cognizable injury to his right to access the courts.  Accordingly, this action should be dismissed for failure to state a claim upon which relief may be granted.

/////

Because the complaint does not state a cognizable claim for relief, the court will not reach defendant's contention that he is entitled to qualified immunity. The first prerequisite to the consideration of the defense of qualified immunity is a determination that, based on the facts alleged viewed in the light most favorable to the plaintiff, the defendant violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201. Where, as here, the facts do not state a claim for violation of a constitutional right the court makes no further inquiry. Id.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's April 22, 2011 motion to dismiss be granted; and

2. This action be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
mend3322.mtd